EDWARDSEN v. JARVIS LIGHTERAGE CO. et al.   (No. 55/31.)

(Supreme Court, Appellate Division, Third Department.   May 7, 1915.)

1. MASTER AND SERVANT ⊂⊃87½, New, vol. 16 Key-No. Series—INJURIES—
   WORKMEN'S COMPENSATION—"OPERATION."
   The captain of a lighter, injured while unloading it at a point outside
   the state, is within the terms of Workmen's Compensation Law (Consol.
   Laws, c. 67) § 2, group 8, which includes the operation within or without
   the state of vessels other than those of other states or countries used in
   interstate or foreign commerce; the term "operation" including loading
   and unloading.
   [Ed. Note.—For other definitions, see Words and Phrases, First and
   Second Series, Operate.]

2. MASTER AND SERVANT ⊂⊃250¾, New, vol. 16 Key-No. Series—INJURIES—
   WORKMEN'S COMPENSATION—PLEADINGS.
   A claimant, engaged in operating a lighter, within Workmen's Compen-
   sation Law, § 2, group 8, which includes the operation within or without
   the state of vessels other than those of other states or countries used in
   interstate or foreign commerce, need not show specifically that the ves-
   sel was not one of another state or country used in interstate or foreign
   commerce.

Appeal from Workmen's Compensation Commission.

Claim by Edward Edwardsen, for compensation under the Work-
men's Compensation Law, against the Jarvis Lighterage Company, em-
ployer, and the Ætna Life Insurance Company, insurer. From an
award of the Workmen's Compensation Commission, the Jarvis Light-
erage Company and the Ætna Life Insurance Company appeal. Award
confirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

James B. Henney, of New York City, for appellants.

Egburt E. Woodbury, Atty. Gen , and E. C. Aiken. Deputy Atty.
Gen. (Jeremiah F. Connor, of New York City, of counsel), for respond-
ent.

SMITH, P. J.   The claimant above named was a resident of this
state, and was employed as a captain of lighters by the Jarvis Lighter-
age Company, a New York corporation, whose principal place of busi-
ness was in New York City.   The second conclusion of fact, as made
by the Commission, is that:

"While Edward Edwardsen was on board the lighter Bradford, owned by
Jarvis Lighterage Company, and while engaged in delivering bags of beans
from the lighter to horse trucks at Jersey City, state of New Jersey, he was
struck by a bag hook. * * *"

The Commission ruled that the claim came within the provisions of
the act and made the usual award, which is now appealed from on the
ground that the act in general has no extraterritorial effect, and that
the employment of claimant was not that defined in group 8 of section
2 of the act, which includes "the operation, within or without the state,
including repair, of vessels other than vessels of other states or coun-

tries used in interstate or foreign commerce, when operated or repaired by the company." Group 10 includes "longshore work, including the loading or unloading of cargoes or parts of cargoes," but does not contain any provision making it applicable to work outside of the state.

[1] We think that the captain of a lighter may fairly be said to be engaged in its "operation" continuously from the beginning to the end of a round trip, including the loading and unloading of the craft, so long as he works upon it. We may perhaps assume that, as a lighter makes but short trips, a considerable part of the ordinary duties of its captain is to superintend or assist in its loading and unloading. If extra men were employed for this work, their duties might properly come under the term "longshore work," as described in group 10; but we think it would be unreasonable to hold that the captain of such a boat ceased to be employed in its "operation" the moment it began to load or unload.

[2] If the claimant was engaged in operating the lighter when injured, his right of recovery should not be defeated by his failure to show specifically that the vessel was not one of another state or country used in interstate or foreign commerce. As the employer and owner of the boat was a New York corporation, the presumption is that such was the case; and if appellants claimed a defense for the reason that such was not the case, we think it was incumbent upon them to have proved it upon the hearing before the Commission.

The award of the Commission should be confirmed.

Award affirmed. All concur.