CARL DOMBROWSKI *vs.* JENNINGS AND GRIFFIN COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

Section 1 of Chapter 306 of the Public Acts of 1921 provides that "in any case of aggravation of a disease existing prior to such injury, compensation shall be allowed only for such proportion of the disability due to aggravation of such prior disease as may reasonably be attributed to the injury." *Held* that the word "injury," as used in this section, means a compensable injury.

This statute is strictly limited to cases involving a pre-existing disease and has no application to situations where there is merely a pre-existing tendency to disease or a pre-existing condition of employment tending to produce disease.

A compensable personal injury may be defined as an abnormal condition of a living body which arises out of and in the course of the employment and produces an incapacity to work for the statutory period. It need not be traced to a definite happening or event; and it may be caused by accident or disease, and includes diseases peculiar to an occupation except those of a contagious, communicable or mental nature.

In proceedings under the Compensation Act, the burden is upon the claimant to establish with respect to his bodily condition the essential facts contained in this definition of compensable injury; and if he successfully meets this burden of proof, he is prima facie entitled to full compensation.

Dombrowski *v.* Jennings & Griffin Co.

It is a general principle of the law of workmen's compensation that the burden of proof as to matters which bar or diminish a recovery, such as wilful and serious misconduct of the employee or his intoxication, is upon the employer.

In accordance with this principle, an employee in this State is not required to offer proof, in order to recover full compensation, that his incapacity is not the result of the aggravation by compensable injury of a pre-existing disease; if such is the fact, and if his compensation is thereby to be diminished by apportionment under § 1 of Chapter 306 of the Public Acts of 1921, the burden of establishing it is upon the employer.

The employee must sustain the burden of proving, as an essential element of his right to compensation, that his employer is not exempt from the provisions of the Act on the ground that the number of his employees is regularly less than five, but, in this respect, the employee is aided by the legal presumption of non-exemption which, unless evidence to the contrary is offered, is sufficient to make out a prima facie case of liability.

Argued October 30th, 1925—decided January 28th, 1926.

APPEAL by the defendants from a finding and award of the Compensation Commissioner for the third district in favor of the plaintiff, taken to the Superior Court in New Haven County and reserved by the court (*Wolfe, J.*) upon its own motion, for the advice of this court. *Superior Court advised to sustain the award of the Commissioner.*

The finding of the commissioner is to the following effect: The plaintiff, on December 6th, 1924, and for a period of eighteen years prior thereto, had been in the employ of the defendant at Meriden. The defendant had insured its full liability with the insurer-defendant. The average weekly wage of the claimant was $33.11. The work of the claimant during the entire eighteen years of his employment consisted of grinding steel implements upon a wet sandstone wheel. The conditions of his employment remained practically constant during this period. In the course of the employment, and arising out of it, the claimant inhaled particles of foreign matter flying from the wheel,

and these became imbedded in his lung tissue, causing a condition of pneumoconiosis. The pneumoconiosis was a disease caused by conditions peculiar to his employment. It was first discovered in October, 1923. It probably had been in existence for a considerable time before that date. It is impossible to find, on the evidence, how long this condition had been present, or in what degree it had existed at any given time. As a result of the pneumoconiosis, the resistance of the claimant to infection was lowered, and as a result of the lowered resistance a pulmonary tuberculosis developed at some time between October, 1923, and April, 1924. The claimant has been totally incapacitated because of the pneumoconiosis and the tuberculosis at all times since December 6th, 1924.

The defendants claimed before the commissioner: "(1) that the disease of pneumoconiosis was present during practically the entire period of the claimant's employment; (2) that the claimant had the disease, well established, prior to July 1st, 1919." The commissioner found these claims not proven.

The defendants further claimed: (1) that as the amendment to the Compensation Act providing for compensation for occupational diseases became effective on July 1st, 1919, the only compensation due in this case is compensation for the aggravation of pre-existing occupational disease; (2) that the disease having been in existence for about twelve years prior to July 1st, 1919, and the period of aggravation extending over between five and six years after July 1st, 1919, the amount of injury caused by the aggravation should be fixed at a proportionate part of the normal compensation." The commissioner indirectly overruled these claims.

The defendants further claimed "that it was the duty of the commissioner to estimate the amount of

aggravation since July 1st, 1919, from such evidence as was produced." This claim the commissioner overruled.

In their appeal to the Superior Court, the defendants alleged, among others, the following reasons of appeal: (a) The commissioner erred in so ruling as to place upon the defendants the burden of proving that the pneumoconiosis developed at a date earlier than July 1st, 1919. (b) The commissioner erred in so ruling as to place upon the defendants the burden of proving that the lowered resistance to infection from which the tuberculosis developed began to exist at a date earlier than July 1st, 1919. (c) The commissioner erred in not ruling that the claimant, to get full compensation, must prove that the lowered resistance to infection from which the tuberculosis developed began to exist at a date on or after July 1st, 1919. (d) The defendants further claimed that the commissioner erred in allowing any compensation; in treating the Act of 1919 as retroactive; and in denying the defendants' motion to correct the finding.

*George E. Beers*, for the plaintiff.

*Cornelius J. Danaher*, for the defendants.

CURTIS, J. In the defendants' brief they state that the claimed corrections in the finding are not essential to support their reasons of appeal. There is no occasion, therefore, to consider them.

The commissioner finds that pneumoconiosis was first discovered in the plaintiff in October, 1923, and that it probably had been in existence for a considerable time before that date, and that, as a result of the pneumoconiosis, the resistance of the plaintiff to infection was lowered, and as a result of the lowered resistance a pulmonary tuberculosis developed at some

time between October, 1923, and April, 1924; and that the plaintiff was totally incapacitated because of this disease at all times since December 6th, 1924. The commissioner concluded that it was impossible to find, on the evidence, how long the disease of pneumoconiosis had been present in the plaintiff, or in what degree it had existed at any given time; but he specifically found that it had not been proved "that the disease of pneumoconiosis was present during practically the entire period of the plaintiff's employment, or that the plaintiff had the disease prior to July 1st, 1919." The commissioner held that the plaintiff, under the so-called occupational disease amendment of Chapter 142 of the Public Acts of 1919 as amended by Chapter 306 of the Public Acts of 1921, was entitled to full compensation.

The defendants admit that the plaintiff is entitled to some compensation, but claim that under the finding he was erroneously allowed full compensation. This conclusion the defendants draw from the finding of the commissioner that, upon the evidence presented, it was impossible to find how long the existence of the pneumoconiosis had been present in the plaintiff, or in what degree it had existed at any given time; therefore they claim that the plaintiff failed to prove that it did not exist before July 1st, 1919, when the Act of 1919 allowing a recovery for an injury caused by an occupational disease went into effect, and that the facts proved did not establish a right to full compensation, since the commissioner found that the plaintiff, during the entire period of his employment, worked under conditions which, if continued, would sooner or later result in his having the disease known as pneumoconiosis, an occupational disease.

The defendants in their brief state that the immediate question presented to us by this record is as fol-

lows: "The primary question at issue is as to whether
the commissioner erred in taking such action as in
effect placed the burden of proof upon the defendants,
instead of requiring the plaintiff to establish his case."
We coincide in the opinion that the disposition of this
point will dispose of the appeal.

The defendants claim that disease, as an injury aris-
ing out of and in the course of the employment, was
not compensable before the so-called occupational dis-
ease amendment of 1919, which took effect July 1st,
1919, and hence, that if the pneumoconiosis in the
plaintiff, which by causing weakened resistance to in-
fection caused the tuberculosis, existed before July 1st,
1919, the case is one where there existed a disease
which was not a subject of compensation until July 1st,
1919, and hence was a pre-existing disease in its rela-
tion to the compensable injury of December 6th, 1924,
and, therefore, that the compensation allowable, is that
permitted for the aggravation of a pre-existing disease
under § 1 of Chapter 142 of the Public Acts of 1919,
as amended by § 1 of Chapter 306 of the Public Acts
of 1921.

Defendants' counsel suggests that the part of the
sentence in the Act of 1919 which was omitted in the
Act of 1921, is too obscure in meaning to be capable
of construction. With its words in their present rela-
tion, we would be inclined to concur in this view. It
is quite possible that the confusion arises from the
inadvertent transposition of the words "injury" and
"disease" in the first three lines of this sentence. With-
out this transposition, it is difficult to attribute to
these three lines any sensible meaning. With these
words eliminated, the two Acts are alike and subject
to precisely the same construction. As this is the
construction of these Acts which defendants' counsel
presents in his argument upon the appeal, we shall,

without further examination, consider the defendants' appeal as if these two Acts were identical in terms.

The provisions of the Acts of 1919 and 1921 as to the aggravation of a pre-existing disease is in these terms: "In any case of aggravation of a disease existing prior to such injury, compensation shall be allowed only for such proportion of the disability due to aggravation of such prior disease as may reasonably be attributed to the injury."

"Injury," in these Acts, is used in the sense of compensable injury, and is correlative with such an incapacity or disability as is compensable. The first sentence in these Acts refers exclusively to the injury which arises out of and in the course of the employment. The second sentence does not repeat that the injury it refers to is one which arises out of and in the course of the employment, but this is the obvious fact. This sentence would be complete if there were supplied, after "injury" at the end of the sentence, "arising out of and in the course of the employment;" so read, it plainly means that in the case of a disease which has developed in part prior to the incapacity or disability, compensation shall be allowed only for that proportion of the incapacity or disability as is due to the development or aggravation of this disease, which may reasonably be attributed to the incapacity or disability which has arisen out of or in the course of the employment.

This provision of the Act only comes into operation when there is such pre-existing disease. The fact that there is a pre-existing tendency to disease, or a pre-existing condition of employment tending to produce a disease, is not a situation the aggravation of which entitles the employer to a diminution of compensation.

In *De la Pena* v. *Jackson Stone Co.,* 103 Conn. 93, 130 Atl. 89, decided in July, 1925, after the passage of

the above Acts, we reviewed the evolution of our law as to disease constituting a compensable injury, reviewing its development both by statutory enactment and judicial construction. As a result of this review we defined with great care a compensable personal injury under the then existing state of the law as follows (p. 99): "A compensable personal injury is an abnormal condition of a living body which arises out of and in the course of the employment and produces an incapacity to work for the requisite statutory period. It need not be traced to a definite happening or event. It may be caused by accident or disease, and includes diseases peculiar to an occupation, except those of a 'contagious, communicable or mental nature.' The happening or event includes the entire transaction to which the injury is traced, not only the operative causes, but their effect on the body of the injured person."

The definition sets forth the essential facts which the claimant for compensation must establish under the existing state of the law to entitle him, prima facie, to full compensation.

If the burden rested on the defendants to prove that the disease of pneumoconiosis existed in the plaintiff before July 1st, 1919, to bar full compensation, then, under the finding, the defendants have failed to establish such fact, and the plaintiff was entitled to the full compensation awarded him.

The defendants claim that, since the finding and award disclose that the plaintiff began to work in 1906 under conditions which tended to cause pneumoconiosis, and that this condition continued constant during the entire period, this disease was present during the entire period of employment. This claim the commissioner distinctly overruled.

Did the plaintiff, under the finding and award, es-

tablish a compensable injury entitling him prima facie to full compensation within the definition of a compensable injury under the existing state of the law as set forth in *De la Pena* v. *Jackson Stone Co.*, 103 Conn. 93, 130 Atl. 89?

The definition of a compensable injury given in the *De la Pena* case, when applied to the situation of this claimant, required him to establish the following essential facts, to entitle him prima facie to full compensation: (1) An abnormal condition of his body arising, after July 1st, 1919, out of and in the course of his employment. (2) That this condition produced an incapacity to work for the requisite statutory period. (3) That this condition of incapacity to work was caused by accident or disease, which, however, need not be traced to a definite happening or event, and, if caused by disease, it may be a disease peculiar to an occupation, except those occupational diseases of a contagious, communicable or mental nature. The finding and award discloses that these essential facts were established by the plaintiff in the case at bar.

If, however, the plaintiff's incapacity to work can be proved by the defendant to have been caused in part by an aggravation of a pre-existing disease, as by a disease existing before July 1st, 1919, then the prima facie right of the claimant to full compensation would be reduced to the recovery of such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to the injury, in accord with the provisions of § 1 of Chapter 142 of the Public Acts of 1919 as amended by § 1 of Chapter 306 of the Public Acts of 1921.

This ruling places the burden of proof upon the defendant, after a prima facie case has been established, to show such facts as will defeat or diminish a recovery. This, we believe, is in accord with reason and

Dombrowski *v.* Jennings & Griffin Co.

justice, and is supported by the great weight of authority, and is in harmony with General Statutes, § 5364, as to the conduct of compensation cases before a commissioner. .

Upon the face of this claim it requires the proof of negative facts by the plaintiff in the nature of defensive matters, a requirement that seems unreasonable and inequitable.

The defendants state their claim broadly, as follows: "One who seeks to have another pay him money has the burden of proof." They urge, in effect, that this is a fundamental principle requiring a claimant for compensation to show that he has proved that every fact does not exist which, under the compensation law, might bar or diminish a recovery.

It is fundamental that a claimant must prove, prima facie at least, that the injury which he claims as the basis for a recovery "arose out of and in the course of his employment." But a survey of the cases relating to the burden of proof in compensation cases, discloses that matters which bar a recovery or diminish a recovery are ordinarily required to be proved by the employer.

Our Compensation Act, in the initial provision, provides that when the Act is accepted by employer and employee, the employer shall pay compensation to an employee on account of an injury arising out of and in the course of his employment, except that no compensation shall be paid when the injury shall have been caused by the wilful and serious misconduct of the injured employee or by his intoxication. General Statutes, § 5341.

It would seem, if the implications of the defendants' fundamental claim were applied, that in all cases the plaintiff must establish, as an essential part of his case, that the injury was not caused by his wilful and

serious misconduct or by his intoxication. But it is uniformly held that these are defensive matters which the employer must bear the burden of proving to defeat a claim.

We have so held as to "wilful and serious misconduct" in *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 115 Atl. 677. In Bradbury's Workmen's Compensation Law (3d Ed.) p. 1042, § 44, eight cases are cited to the same effect and none to the contrary. As to the burden of proof in intoxication, Bradbury cites (p. 1042, § 45) six cases to the effect that the burden of proof is on the employer and none to the contrary. As to whether the claimant is barred from compensation because he is a member of an excepted class, the burden of proof is on the employer to prove that the claimant falls within such class. Bradbury, p. 1044, § 51. Is not our provision relating to employees who had a pre-existing disease, in effect establishing an excepted class?

In General Statutes, § 5340, our Act provides that the Compensation Act shall not apply to any employer having regularly less than five employees, or to a casual employee, or to an outworker. See also other excepted classes in § 11 of Chapter 306 of the Public Acts of 1921. In the above statement of the law as to the burden of proof, Bradbury places the burden on the employer to establish whether the workman belongs to an excepted class, and is therefore barred from compensation. We have ruled as follows, as to whether or not the employer has regularly less than five employees, in *Green* v. *Benedict,* 102 Conn. 1, 3, 128 Atl. 20: "The burden of proof continues to rest on the claimant, who must establish his right to compensation, but since, by the terms of the statute, the acceptance of part B is the rule, and the exemption due to the regular employment of less than five employees the

exception to the rule, the claimant will have sustained the burden of proof in that particular, in case it does not appear from the facts found that the condition exists upon which the exemption rests." The effect of this ruling is that the burden of proof, while on the plaintiff, is satisfied prima facie by this presumption, and in case the facts found do not show that the condition exists on which the exemption rests, the claimant will have sustained the burden of proof as to this exception from liability on the part of the employer.

As a result of this ruling, the burden rests on the employer to overcome the presumption, and show that he did belong to the excepted class. This subject, the burden of proof as to belonging to an excepted class, was carefully considered in *Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11, 24-26, 113 N. E. 173, and the law was laid down to the same effect as stated in Bradbury, p. 1044, § 51. See also *Edwardsen* v. *Jarvis Lighterage Co.,* 168 N. Y. App. Div. 368, 153 N. Y. Supp. 391.

In Bradbury (2d Ed.) p. 6, § 3, a fundamental proposition is stated as follows: "The compensation acts abolished all these burdens of proof [as to negligence and assumption of risk, etc.] by starting with the assumption, in all cases, that neither party was guilty of negligence and that the injury was the inevitable result of the occupation in which the employee was engaged," and entitled the employee to compensation. This presupposes that the employee has proved that the injury arose in the course of and out of the employment. If that fact is proved, the employee has prima facie proved his right to compensation. To bar or diminish that prima facie right the employer must show some state of facts that by statute have such an effect.

We hold, therefore, that the burden of proof rested

upon the defendants to prove that a pre-existing disease existed in the plaintiff prior to July 1st, 1919, which barred him from the recovery of full compensation.

The Superior Court is advised to sustain the award of the Commissioner.

In this opinion the other judges concurred.