ANTON ROMANIEC *vs.* THE COLLINS COMPANY ET AL.

First Judicial District, Hartford, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Section 1 of Chapter 306 of the Public Acts of 1921 provides that in case of aggravation of a disease existing prior to a compensable injury, "compensation shall be allowed only for such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to the injury." *Held:*

1. That prima facie an employee is entitled to the full compensation for his injury as provided by statute; the burden of proving the extent of the aggravation of a prior disease being upon the employer.

2. That the compensation commissioner cannot determine the extent of aggravation upon mere proof of the two facts of the pre-existing disease and its aggravation; there must appear in

the evidence submitted by either the plaintiff or defendant relevant and material facts which, though not necessarily establishing the exact percentage of aggravation, afford a reasonable basis for a conclusion as to its extent, as distinguished from a mere guess or speculation.

3. That the statute was intended to apply to situations where the pre-existing disease was contracted outside the business or industry which subsequently aggravated it and not to cases, like the present one, where the plaintiff, having contracted pneumoconiosis during an employment of eleven years as a wet grinder for the defendant, left the factory in 1919 and, upon the advice of his physician, engaged in farming until 1923, when he returned to his original employment for the defendant, as the result of which the pre-existing pneumoconiosis was aggravated until, in 1926, he suffered a total disability.

Argued October 6th—decided December 12th, 1927.

APPEAL by the defendants from a finding and award of the compensation commissioner for the first district in favor of the plaintiff, taken to the Superior Court in Hartford County and tried to the court, *Marvin, J.;* judgment rendered dismissing the appeal and affirming the award, from which the defendants appealed. *No error.*

*Thomas Hewes,* for the appellants (defendants).

*Edward J. Myers,* for the appellee (plaintiff).

WHEELER, C. J. The judgment of the Superior Court confirming the award of the commissioner was based upon the facts found by him as corrected by the court in two particulars. The facts as corrected, so far as essential to the questions raised on appeal, are as follows: The plaintiff-claimant had been in the employ of the defendant for about eleven years prior to 1919 as a wet grinder. In this employment water laden with minute particles of grindstone and steel is constantly splashed upon the operator's legs, body and chest and the gritty matter is taken into the lungs through the

nose and mouth, resulting in time in producing a disease known as pneumoconiosis, which is not a disease of a contagious, communicable or mental nature. Sometime in 1919, the claimant began to have pains in his chest; he then had pneumoconiosis, to what degree it was impossible to say, but not to such a degree that it incapacitated him. By advice of his physician he returned to Poland and engaged in farming for four years. He re-entered the employment of defendant under a new contract of employment in February, 1923, as a wet grinder. He continued in this employment as a wet and as a dry grinder until July, 1925, when the pneumoconiosis, which arose out of this employment with defendant together with that which had existed prior to this time, broke down his physical structure, with the result that in July, 1925, he was disabled from pleurisy which was due to the pneumoconiosis. After his recovery from the pleurisy he returned to his work and worked spasmodically for the defendant until January, 1926, at various types of work, but after this time he became totally disabled from the pneumoconiosis. The date when the claimant's injury became compensable was July 25th, 1925, and this was an aggravation of the disease existing prior to such injury. The pneumoconiosis from which the claimant suffers constitutes a personal injury arising out of and in the course of his employment for defendant.

Section 1 of Chapter 306 of the Public Acts of 1921, in part provides: "If an injury arises out of and in the course of the employment it shall be no bar to a claim for compensation that it cannot be traced to a definite occurrence which can be located in point of time and place. In any case of aggravation of a disease existing prior to such injury, compensation shall be allowed only for such proportion of the disability due to the aggravation of such prior disease as may reasonably be at-

tributed to the injury." The intention manifested in the sentence last quoted was to apportion the disability between the disease existing during the former employment and its aggravation in the latter employment. The terms of the statute do not declare the method or manner in which this was to be ascertained. The defendant contends that the burden was upon the claimant to show the extent of the aggravation, if any, and that when the facts of a pre-existing disease and its aggravation in a subsequent employment are shown, a sufficient basis is before the commissioner to form a judgment upon, and to declare, the extent of the aggravation.

We cannot construe this provision of the statute in this way. It intended that the employer of one who has a disease when he begins his employment, which does not develop but merely aggravates the disease, shall only be liable for that part of the claimant's injury which arose in the course of his last employment, for that is the only part of the injury which the last employer caused. There is no differing view between the parties as to this. The difference between them is as to whether the claimant or the employer shall be required to prove the extent of the aggravation. The case of *Dombrowski* v. *Jennings & Griffin Co.,* 103 Conn. 720, 728, 131 Atl. 745, construed this statute and placed the burden upon the employer. "If," we said, "however, the plaintiff's incapacity to work can be proved by the defendant to have been caused in part by an aggravation of a pre-existing disease, as by a disease existing before July 1st, 1919, then the prima facie right of the claimant to full compensation would be reduced to the recovery of such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to the injury, in accordance with the provisions of § 1 of Chapter 142 of the Public Acts of

1919 as amended by § 1 of Chapter 306 of the Public Acts of 1921." Defendant concedes that the *Dombrowski* case has determined this point adversely to its contention. It attacks the soundness of the construction of this portion of the statute and seeks a reversal of our former conclusion. The principal reason upon which it rests its argument is that the imposition upon the employer of the burden of proving the extent of the aggravation would deprive the commissioner of the right to exercise his judgment in determining what was reasonably to be attributed to the injury. The argument rests upon the premise that the commissioner would have the right to find the extent of the aggravation upon the mere proof of the two facts of the pre-existing disease and the aggravation. He may exercise his judgment upon relevant and material facts proven; he cannot exercise it until the facts are proven. Until he has some reasonable basis in the proof upon which to determine the extent of the aggravation, which need not be the exact percentage by which the disease is aggravated, his conclusion as to the extent would be a guess or a speculation apart from the facts proven. Unless the extent of the aggravation appears in the evidence submitted by the claimant or is shown by the employer, the claimant is entitled to a recovery for the full injury suffered. We find no insuperable practical difficulty in making this proof in the ordinary case.

Further, we are of the opinion that this provision of the statute was not intended to include, and does not include, a case such as that here presented. Its purpose was to provide for the injury or disease which was contracted outside the industry or business which subsequently aggravated the prior injury or disease. It was not intended to include the injury or disease which was contracted, developed and aggravated by one industry or business under employment by the same em-

ployer, in one continuous employment or in successive employments as in the case of the claimant. The pneumoconiosis from which the claimant suffered was contracted in defendant's factory, and after an absence from work, upon his physician's advice, of four years in attempting to effect a cure, upon his re-entering defendant's employment the disease progressed until claimant suffered a compensable injury which later developed into an injury causing total disability.

There is no error.

In this opinion the other judges concurred.