PHILOMENA DUPRE *vs.* THE ATLANTIC REFINING COMPANY.

First Judicial District, Hartford, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Under General Statutes, § 5735, and the liberal rule respecting evidence in compensation hearings (§ 5364), declarations of a deceased employee as to the nature of his work and the physical effects it produced upon him, are admissible in evidence in support of a claim for compensation by his dependent.

In the present case the Commissioner found that the contributing proximate cause of the pneumonia from which the employee died, was the arduous labor required of him and the bodily conditions thereby induced. *Held* that this finding, which was based in part upon the declarations of the deceased, and in part upon the uncontradicted opinions of medical experts, could not be said to be without the support of legal evidence.

Chapter 142, § 1, of the Public Acts of 1919, amending § 5341, provides that if any injury arises out of and in the course of the employment, it shall be no bar to a claim for compensation that it cannot be traced "to a definite occurrence which can be located in point of time and place." *Held* that this legislation broadened the definition of "injury," theretofore confined to a "localized" abnormal condition of the human body directly and "contemporaneously" caused by accident; and therefore the conclusion

Dupre *v.* Atlantic Refining Co.

of the Compensation Commissioner, upon the facts found, that the pneumonia thus contracted was an "injury" arising out of and in the course of the decedent's employment, was correct.

The word "occurrence," above quoted, is synonymous with happening, or event, and may fairly be construed as meaning the whole transaction to which the injury is traced, including not only the operative causes but their effect on the body of the injured person. This conclusion gives some remedial effect to the amendment of 1919, and carries out its plain intent.

Argued January 5th—decided March 8th, 1923.

APPEAL by the defendant from a finding and award of the Compensation Commissioner for the first district in favor of the plaintiff, taken to and reserved by the Superior Court in Hartford County, *Hinman, J.*, for the advice of this court. *Superior Court advised to dismiss the appeal and sustain the award of the commissioner.*

The following facts are found: The plaintiff is the widow of Joseph M. Dupre, deceased. Prior to Saturday, February 19th, 1921, the deceased was employed by the defendant, and on that day his work required him to transfer or assist in transferring packages weighing from four hundred to five hundred pounds each from a freight-car, across a gang-plank, into the defendant's warehouse. The deceased was an athletic man in good health and was in normal condition when he began work on February 19th. During the day he became overheated because of his work, experienced a chill and returned to his home exhausted, with a pain in his right lumbar region. He was given home treatment, and gradually grew worse until, on February 22d, a physician was called in, who found him suffering from lobar pneumonia, from which he died on March 4th. Pneumonia is caused by the pneumococcus germ, which may be resident in the human system and remains innocuous until through a cold, traumatism, exhaustion, exposure, or other cause, the

resistance of the respiratory tract to infection is lessened. When such lessened resistance occurs, the germ becomes active and the disease sets in.

From these facts and from the expert opinion evidence of two physicians called by the plaintiff, the Commissioner found that the contributing proximate cause of the pneumonia from which the deceased died was the labor and conditions of employment on February 19th. The Commissioner also found that "the contracting of said pneumonia constitutes a personal injury arising out of and in the course of the aforesaid employment"; and awarded compensation accordingly. A motion to correct the finding in several particulars was made, and, except as to some details, denied. Defendant appeals for reasons sufficiently indicated in the finding. All the testimony is printed in the appeal record in connection with the appeal from the refusal of the Commissioner to correct the finding.

*Vine R. Parmelee,* with whom, on the brief, was *Clarence W. Seymour,* for the appellant (defendant).

*Edward L. Smith,* with whom, on the brief, was *Edward W. Broder,* for the appellee (plaintiff).

BEACH, J. The defendant's first reason of appeal asserts that the essential facts found by the Commissioner are derived solely from incompetent evidence and predicated on insufficient legal proof. This broad claim rests on the circumstance that the only direct evidence of the causal connection between the decedent's fatal illness and the conditions of his employment, consists of proof of declarations made by him to his wife, to his brother-in-law and to the attending physician. These declarations were made on and after

his return from his work on February 19th, 1921, and were to the effect that he became exhausted and overheated in performing the work assigned to him, that he had experienced a chill, that he suffered pain in his back attributed by him to his exertions, that he felt sick, and that he would never be any good again. Many authorities from other jurisdictions are cited on the defendant's brief to support the entirely sound proposition that statutes similar to our statute, § 5364, will not justify an award in compensation proceedings which is based solely on incompetent evidence; but these authorities are not applicable here, because, under § 5735, the declarations of the deceased would, if relevant, have been admissible in an action at law brought by the administrator of the deceased to recover damages for injuries resulting in death caused by the negligence of the defendant. *A fortiori* they are admissible, being relevant, under the more liberal rules which § 5364 prescribes for proceedings under the Workmen's Compensation Act.

Most of the assignments of error founded on the Commissioner's refusal to correct certain paragraphs of the finding, rest on the same mistaken theory that the declarations of the deceased were not competent evidence. The finding that the work on which the deceased was engaged on February 19th was "arduous" is supported by the evidence as to the weight and size of the crated tanks and pumps which he was required to lift or assist in lifting, and by the declarations of the deceased that he became overheated and exhausted in performing the work. The finding that he returned from work exhausted and with a pain in his right lumbar region, is supported in part by his declarations and in part by the testimony as to his appearance. It should, however, be noted that there was no claim or finding of any causal relation between the pain in his back

and the subsequent pneumonia. The finding that the contributing proximate cause of the pneumonia from which the decedent died was the labor and conditions of employment already described, is also based in part on the decedent's declarations and in part on the expert opinion evidence of Dr. Axtelle and Dr. Abrams. Of course, these witnesses did not assert that the decedent's pneumonia must necessarily have originated from the working conditions on February 19th, but the fair effect of their testimony is that in the absence of any other apparent predisposing cause, it is more probable than otherwise that it did so originate. Their testimony was not contradicted, and we cannot say that the finding of the Commissioner on this point was made without legal evidence to support it.

The really important question in the case is whether the Commissioner erred in concluding from the facts found, that the decedent suffered an "injury" arising out of and in the course of his employment, which resulted in his death. In *Linnane* v. *Aetna Brewing Co.* (1916), 91 Conn. 158, 99 Atl. 507, we defined an injury as "a localized abnormal condition of a living body directly and contemporaneously caused by accident"; and defined an accident as "an unlooked-for mishap or an untoward event, or an unexpected condition." The *Linnane* case was practically on all fours with the present case. The plaintiff's decedent, Linnane, died from pneumonia attributed to exhaustion due to his labor and to the conditions of his employment. In that case, also, the main question was whether the decedent's exhaustion or pneumonia was an "injury" arising out of and in the course of his employment. We held that the award could not be sustained because the findings plainly indicated that the contemporaneous consequences of the decedent's exhaustion was not a localized injury, but a general or systemic condition

of weakened resistance to disease, from which pneumonia developed in the ordinary course and without the intervention of a localized injury contemporaneously caused by the conditions of his work. Thereafter, by Chapter 142, § 1, of the Public Acts of 1919, the General Assembly amended § 5341 of the Workmen's Compensation Act by inserting therein the following: "If an injury arises out of and in the course of the employment it shall be no bar to a claim for compensation that it cannot be traced to a definite occurrence which can be located in point of time and place." The question is whether this amendment enlarges the definition of injury laid down in the *Linnane* case. We think it does. The contention to the contrary necessarily makes the word "occurrence" synonymous with "accidental occurrence," and so construes the amendment as if it read, in substance, that it should not be a bar to a claim for compensation that the injury could not be traced to a definite accident, or accidental occurrence, which can be located in point of time and place. It seems clear that this cannot express the real intent of the amendment, because it has never been supposed to be necessary to trace the injury to any "definite" accident. In the *Linnane* case, for example, all the conditions, including the decedent's night journey to the place of employment on foot in a heavy snow-storm, in response to an emergency call, his untimely and prolonged hours of work, and his exposure to extremes of heat and cold while at work, were grouped together and held to satisfy the broad definition of accident announced in that case.

On the other hand, the *Linnane* case did require that the injury should be capable of being definitely "located in point of time and place," and the fact that this phrase of the amendment parallels very closely the definition of injury in the *Linnane* case as a "localized"

abnormal condition of the human body "contemporaneously" caused by accident, points very clearly to an intent to eliminate the two words last quoted from the definition of injury laid down in that case. The word "occurrence" is synonymous with happening, or event, and in its context may fairly be construed as meaning the whole transaction to which the injury is traced, including not only the operative causes but their effect on the body of the injured person. This construction gives some remedial effect to the amendment, and carries out its plain intent. Applying the amendment so construed to the facts found, the Commissioner's conclusion, that the decedent suffered an injury arising out of and in the course of his employment, was correct. There can be no doubt that the decedent's exhaustion, due to the arduous character of his work on February 19th, injured him by producing a condition of weakened resistance to infection of the respiratory tract; and the fact that this injury cannot be traced to a definite abnormal condition capable of being located in point of time and place is no longer a bar to a claim for compensation, when, as in this case, it is found upon legal evidence that it arose out of and in the course of the decedent's employment. That it arose in the course of the employment is hardly to be seriously questioned; and that it arose out of the employment is sufficiently shown by the finding that the work was arduous, and that the decedent was exhausted thereby.

The Superior Court is advised to dismiss the appeal and sustain the award of the Commissioner.

In this opinion the other judges concurred.