VALENTINE KOVALISKI (JOHN A. REEVE, EXECUTOR) *vs.* THE COLLINS COMPANY ET AL.

First Judicial District, Hartford, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Under the Workmen's Compensation Act, if the primary injury arises out of the employment, everything which flows from it as a consequence likewise arises out of the employment.

When the peculiar nature of an employee's occupation is such as to produce in him a condition of weakened resistance to disease, that condition is in itself an injury under the occupational disease statute (§ 1, Chapter 306, Public Acts of 1921), which becomes a compensable injury if it directly and consequentially results in a subsequent disabling disease, even though the disease be of a contagious, communicable or mental nature and

would not be compensable, under the terms of § 11 of the statute, if it were the primary injury.

In the present case, the plaintiff, as a result of his employment as a "wet grinder", contracted an uncommunicable disease of the lungs, peculiar to his occupation, known as pneumoconiosis, which gradually pursued its customary development into a disabling infection which was partially tubercular in its nature and, therefore, communicable. *Held* that the plaintiff was entitled to compensation.

Argued January 8th—decided February 23d, 1925.

APPEAL by the defendants from the finding and award of the Compensation Commissioner for the first district, allowing compensation to the plaintiff for incapacity resulting from "grinders' consumption," alleged to be an occupational disease, taken to and tried by the Superior Court in Hartford County, *Hinman, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants.   *No error.*

The finding of the commissioner is to the following effect.   From 1898 until some time in October, 1921, the plaintiff was employed by the defendant in wet grinding.   "Grinding" in the employer-respondent's plant is a term used to describe the process of removing on a revolving stone the rough surfaces and edges of axes and other tools there manufactured.   It is of two classes, "wet" and "dry."   In wet grinding, the operator sits upon what is known as a "pony" astride of a revolving stone from seventy-two to eighty inches in diameter.   Water is constantly fed to the surface of the stone by a pipe, and the tool which is being ground is held against the revolving surface of the wheel by the weight of the workman.   Water, laden with minute particles of grindstone and steel, is constantly splashed upon the operator's legs, body and chest, and the gritty matter is taken into the lungs through the nose and mouth.   The lodgment in the lungs of these particles produces a disease known as "pneumoconiosis," which

is a general term describing either "siderosis" (fibrosis of the lungs caused by particles of steel), or "chalicosis" (fibrosis of the lungs caused by particles of stone). Pneumoconiosis in the form in which it appears in the employer-respondent's plant results sooner or later in almost certain death. Pneumoconiosis is not a disease of a contagious, communicable or mental nature. It is a disease peculiar to the occupation of grinding. Pneumoconiosis in its final stages assumes various forms, such as (a) necrosis without secondary infection; (b) staphylococcus and streptococcus infection (that form of infection usually occurring after an ordinary traumatism which has not been properly dressed); or, (c) infection from tubercle bacilli; this latter is called grinder's consumption. The plaintiff received a personal injury consisting of pneumoconiosis, caused in the manner hereinbefore described, which has developed into a mixed infection of a tubercular, staphylococcic and streptococcic nature.

*Thomas Hewes* and *Richard H. Phillips,* for the appellants (defendants).

*Edward J. Myers,* for the appellee (plaintiff).

CURTIS, J. The reasons of appeal in so far as they involve applications for changes in the finding relate to matters which are either immaterial to the decision of the case, or not supported by the evidence. They are therefore overruled.

The substance of defendants' claim is that the plaintiff now has the grinders' consumption, which has incapacitated him, and that it is a form of tuberculosis, and that tuberculosis is a contagious or communicable disease; hence, that this disease as a basis of recovery is barred by the terms of the so-called occupational

disease amendments of the Workmen's Compensation
Act.     These amendments read in part as follows.   § 1
of Chapter 306 of the Public Acts of 1921:    "If an in-
jury arises out of and in the course of the employment
it shall be no bar to a claim for compensation that it
cannot be traced to a definite occurrence which can be
located in point of time and place," and § 11 of Chap-
ter 306 of the Public Acts of 1921:    "The word 'injury'
as the same is used in said chapter shall be construed
to include any disease which is due to causes peculiar
to the occupation and which is not of a contagious,
communicable or mental nature."

Before the commissioner and the court, the plaintiff
claimed the right to compensation for a compensable
injury causing incapacity which he claims arose in the
course of and out of his employment.     The plaintiff's
claim is not limited by any pleading in which he has
defined the injury by name or otherwise.     The ques-
tion is simply whether the facts found disclose a com-
pensable injury under our Compensation Act.

In view of the facts found, it is apparent that the
plaintiff has received an injury in his employment,
which "cannot be traced to a definite occurrence which
can be located in point of time and place;" but under
§ 11 of Chapter 306 of the Public Acts of 1921, it is an
injury under the Act.

In this case, as we said in substance in *Dupre* v. *At-
lantic Refining Co.*, 98 Conn. 646, 652, 120 Atl. 288, the
character of the plaintiff's work (as a grinder) injured
him by producing a condition of the lungs which offered
weakened resistance to either staphylococcus infection
or streptococcus infection, or infection from the
tubercle bacilli.     His injury, as in the *Dupre* case, was
the condition of weakened resistance to infection,
whether that condition has a distinctive name (as
pneumoconiosis) or not, and when that condition of

weakened resistance yields to infection and makes the workman unfit to work, the injury has become a compensable injury. It would be far afield to say that his condition of weakened resistance to infection caused by his occupation, did not become an injury until infection occurred. The injury occurred when the condition of weakened resistance arose, whether in 1913 or later.

When the injury (the weakened resistance to infection) arises in the course of and out of the employment, then every consequence which flows from it likewise arises out of the employment. "The chain of causation may not be broken. Every injurious consequence flowing from it is a part of this chain. . . . All physical consequences and disease result from an injury when there is a causal connection between them." *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 311, 312, 97 Atl. 320.

In *Dupre* v. *Atlantic Refining Co.,* 98 Conn. 646, 652, 120 Atl. 288, in dealing with pneumonia arising from exhaustion, we said: "The decedent's exhaustion, due to the arduous character of his work on February 19th, injured him by producing a condition of weakened resistance to infection of the respiratory tract; and the fact that this injury [weakened resistance] cannot be traced to a definite abnormal condition capable of being located in point of time and place is no longer a bar to a claim for compensation, when, as in this case, it is found upon legal evidence that it arose out of and in the course of the decedent's employment. That it [the weakened resistance to infection] arose in the course of the employment is hardly to be seriously questioned."

The ruling in the *Dupre* case coupled with that in the *Larke* case seem conclusive of this case.

The contention of the defendants is that, although the injury (the weakened resistance to infection) is not

of a contagious or communicable character, yet since the consequence, grinders' consumption, resulting from infection by the tubercle bacilli, in so far as it is consumption, is communicable, therefore a recovery is barred by § 11, which provides, in substance, that when a disease is the injury complained of, if it is contagious or communicable, no recovery can be had.

But in this case, the injury which developed into grinders' consumption was a weakened resistance to infection called pneumoconiosis. This was an injury not contagious or communicable, and hence § 11 does not bar a recovery, when it becomes a compensable injury, by infection causing incapacity. *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 311, 312, 97 Atl. 320. The consequent effects of the weakened resistance to infection in this case, to wit, the infection producing grinders' consumption, is not the injury compensated for, it is the weakened resistance to infection which is the injury compensated for; the consequences of that condition when infection occurs is deemed a part of the weakened resistance to infection. This weakened resistance to infection, before the infection by the tubercle bacilli took place, was not a contagious or communicable disease or condition. Section 11 could not be construed so as to make it so.

There is no error.

In this opinion the other judges concurred, except KELLOGG, J., who concurred in the result, but died before the opinion was written.