## CAZMERI BIEDERZYCKI vs. THE FARREL FOUNDRY AND MACHINE COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

The power of a compensation commissioner to reopen and modify his finding and award is governed by, and limited to, the provisions of § 5355 of the General Statutes.

In passing upon a claim for compensation by the dependent of a deceased employee, who has died within the statutory period of two years after injury, the commissioner is neither required nor authorized by the terms of § 5355, to reopen an award made for such injury in favor of the employee prior to his death and to retry the issues of fact determined at that time; those facts, including the compensability of the injury, must be accepted as final and conclusive in so far as they bear upon the dependent's claim, and the only additional facts which must be established by the dependent are, first, the death of the employee, second, dependence upon him, and third, the causal connection between the injury, for which he was awarded compensation, and his death.

In the language of the Compensation Act, the terms "disability" and "incapacity" are used synonymously and interchangeably; and each refers to the condition of a living employee, not to the case of death.

The rule, prescribed by § 1 of Chapter 306 of the Public Acts of 1921, that where a compensable injury aggravates a pre-existing disease, "compensation shall be allowed only for such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to the injury," affects only awards made to living employees and does not apply to those which are made to the dependents of a deceased employee; and therefore, in the present case, the dependent widow of an employee who, prior to his death, had been awarded only apportioned compensation for disability resulting from the aggravation by compensable injury of a pre-existing disease of the heart, was entitled to full compensation for his death which occurred within two years, and with which the compensable injury was causally connected as a contributing factor.

Subject to the limitation, expressed therein, that occupational disease of a contagious, communicable or mental nature shall not be compensable, § 1 of Chapter 142 of the Public Acts of 1919 (now § 11 of Chapter 306 of the Public Acts of 1921) was intended by

the legislature to bring within the operation of the Compensation Act, all diseases, whether occupational or nonoccupational, which arise out of and in the course of the employment and produce incapacity for the statutory period.

A compensation commissioner should set forth the claims of the parties, and his rulings thereon, in the form of a brief statement in his finding, and not by incorporating in his memorandum of opinion a literal transcript of extended discussions by counsel; and where the latter practice has been improperly followed, it is the duty of counsel, and of the trial court, to prevent the unnecessary printing of the objectionable matter in the record upon appeal to this court.

Argued October 25th, 1925—decided January 8th, 1926.

APPEAL by· the defendants from the finding and award of the Compensation Commissioner for the fifth district in favor of the plaintiff, taken to the Superior Court in New Haven County and reserved by the court (*Hinman, J.*), upon its own motion, for the advice of this court. *Judgment advised dismissing the appeal.*

Chester Biederzycki had a contract of employment with the defendant The Farrel Foundry & Machine Company for a considerable period of time, and sustained an injury arising out of and in the course of that employment, for which the defendant company was adjudged, on June 19th, 1923, to pay him an award. The injury so suffered was from a diseased condition of his heart, due in part to pre-existing disease, and in part to aggravation of pre-existing disease. On August 12th, 1924, Biederzycki died at Ansonia, and the injury described in the original award was causally connected with and a contributing factor to his death. The claimant is the lawful wife of the deceased, living with and regularly receiving support from him in his lifetime. The commissioner adjudged that defendant company pay to the claimant wife compensation at the rate of $13.025 per week for not to exceed three hundred and twelve weeks from and after August 12th, 1924, and further adjudged that the award

was made subject to any proper modification in the event of the death or remarriage of the claimant within the six-year period covering the award.

*George E. Beers*, with whom was *Albert M. Herrmann*, for the appellants (defendants).

*Robert J. Woodruff*, with whom, on the brief, was *Avery Tompkins*, for the appellee (plaintiff).

WHEELER, C. J.  The various grounds of appeal resolve themselves into three.  The first arises out of the denial of the defendants' motion that the finding embody (1) the fact of the death of the defendant company's employee, Biederzycki, and the name, residence, and age of his widow, and the names and ages of the minor children; (2) the date of the accident, the habits of the employee, and the period of time he worked after October 31st, 1923, when the finding of June 19th, 1923, recites he collapsed, and the physical condition of the employee at this time; or that a hearing *de novo* upon these issues be accorded.  Defendants' motion rests upon their claim that the case of the widow is separate and distinct from that of her husband, the employee of defendant Farrel Company, and therefore they are entitled at their option to retry *de novo*, in whole or in part, the facts as found in the case of the employee.  Defendants' purpose is to retry the issues of fact determined in the finding made in the case of the employee, in order to prove that the conclusion there reached, that deceased received a compensable injury, was erroneous.  The commissioner's power to modify or reopen an award is governed by General Statutes, § 5355, that any award or voluntary agreement for compensation under the Workmen's Compensation Act shall be subject to modification, upon the request of either party, "whenever it shall

appear to the compensation commissioner that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence, on account of which the compensation is paid, has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the State has to open and modify a judgment of such court." Our construction of this statute in *Hayden* v. *Wallace & Sons Mfg. Co.*, 100 Conn. 180, 123 Atl. 9, determines the point now raised by the defendants adversely to them. The defendants in that case moved to reopen the award for the reason that, although defendants had voluntarily agreed to pay compensation to the claimants, nevertheless they had discovered, more than a year after making the agreement, that the plaintiffs were not employees of the defendant manufacturing company but were employees of an independent contractor. Defendants ignore the effect of this decision, and read *Jackson* v. *Berlin Construction Co.*, 93 Conn. 155, 105 Atl. 326, as holding that the claim of the deceased employee and the claim of his dependent are separate and distinct, and as a consequence the dependent must be required to prove her claim without reference to the facts found in an adjudication of the employee's claim. The opinion does not countenance this claim. It holds that the classes of compensation awarded the employee and his dependents are separate and independent of each other. But each arises out of the same compensable injury. If the employee is awarded compensation for an injury, and in consequence of it, subsequently dies, the injury preceding the death and the death arose out of the one injury, compensation for the latter is payable to and belongs

to the dependent, while the compensation awarded to the living employee is payable to and belongs to him. Upon the death of the employee within the two-year statutory period, the dependent is entitled to compensation under the statute. The facts found in the finding and award in favor of the employee, must be accepted as facts finally found in the claim for compensation by the dependent on account of the death of the employee. All that the dependent must prove are, the employee's death, the dependence, and the causal connection between the injury for which the employee was awarded, or was entitled to have been awarded, compensation, and the death. No consideration advanced by the defendants in this case has made it necessary to modify or restate the construction placed upon General Statutes, § 5355, in *Hayden* v. *Wallace & Sons Mfg. Co., supra.*

The second ground of appeal is the alleged error of the commissioner in refusing to apportion the claim of the widow on account of the death of her husband in accordance with the provision of General Statutes, § 5341, as amended by the Public Acts of 1919, Chapter 142, § 1, as amended by the Public Acts of 1921, Chapter 306, § 1, which reads as follows: "In any case of aggravation of a disease existing prior to such injury, compensation shall be allowed only for such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to the injury." Defendants argue that as the compensation for this employee's incapacity resulting from the injury was by this statute apportioned, it is inequitable not to apportion in the same manner the compensation as to the beneficiary on account of the death of the employee in the same manner. And further, that this and other sections of the Workmen's Compensation Act make it reasonably clear that when this amendment to § 5341

provides that in case of aggravation of a disease existing prior to the injury, compensation shall be apportioned for such proportion of the disability as may reasonably be attributed to the injury, it used the word disability as applicable to the incapacity prior to the death, as well as to the death resulting from the injury. We are unable to agree in this construction. The true construction seems to us so plain that we do not purpose a comprehensive analysis of the terms of this Act in order to meet this argument. When the amendment uses the term disability, it manifestly uses it in the sense of incapacity, a use which prevails through the Act. If we are right in this, it would follow that the amendment we quote refers to the living, and not to the case of death. Neither in this section nor in the entire Act is disability used in the sense of death. And everywhere the Act uses incapacity, total or partial, in the sense of disability. This section makes the distinction when it provides, "the employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from injury so sustained." Construction was placed by the commissioner of the second district, in 1921, upon the use of the word incapacity as synonymous with disability, and the Superior Court sustained the holding. This construction has been accepted and followed until this case arose. Death is a fixed fact which cannot be apportioned in the manner provided in the amendment to this section of the General Statutes.

The point which the defendants argue last underlies each of the other procedural points which they present, and, if sound, would make unnecessary their determination, for it would demonstrate that there had been no compensable injury suffered by this em-

ployee.   The contention is that the principle an-
nounced in *Miller* v. *American Steel & Wire Co.*, 90
Conn. 349, 97 Atl. 345, and in *Linnane* v. *Aetna Brew-
ing Co.*, 91 Conn. 158, 99 Atl. 507—that "personal in-
jury within the meaning of the Act involves both an
accident and a bodily injury, as distinguished from a
disease" and a "bodily injury . . . is always assign-
able to some definite part or organ of the body, and
when caused by accident is always sustained at the time
of the accident or at least during the time within which
the accidental condition is operative"—was only made
ineffective by the amendment of 1919 to this section of
the statute as to occupational diseases, and still remains
effective as to nonoccupational diseases.   We decided
in *Dupre* v. *Atlantic Refining Co.*, 98 Conn. 646, 120
Atl. 288, that this amendment applied to all forms of
disease, whether occupational or otherwise.   In *De la
Pena* v. *Jackson Stone Co.*, 103 Conn. 93, 130 Atl. 89,
we affirmed this ruling of the *Dupre* case and held that
the amendment of the Public Acts of 1921, Chapter
306, § 11, of the amendment of § 1 of Chapter 142 of
the Public Acts of 1919 to General Statutes, § 5341,
includes as compensable all disease, occupational or
otherwise, subject to the limitation of § 11 of Chapter
306, that if the disease is an occupational one and is
of a contagious, communicable or mental nature, it is
not compensable.   "Combining our definition and de-
scription," we said in the *De la Pena* case, at page 99,
"of a personal injury as given in the *Dupre* case with
this provision of § 11, we have the following result: a
compensable personal injury is an abnormal condition
of a living body which arises out of and in the course
of the employment and produces an incapacity to work
for the requisite statutory period.   It need not be traced
to a definite happening or event.   It may be caused by
accident or disease, and includes diseases peculiar to an

occupation except those of a 'contagious, communicable or mental nature.' The happening or event includes the entire transaction to which the injury is traced, not only the operative causes but their effect on the body of the injured person." The point now urged was finally settled in the *Dupre* and *De la Pena* cases, and these decisions must control while the present statute remains unchanged. None of the grounds of appeal are well taken.

Before closing this opinion, we call attention to the bad practice of including as a part of the memorandum of decision of the commissioner some thirty pages of testimony evidencing the discussion of counsel of one of the points in issue and the ruling of the commissioner thereon. The claims of counsel and the ruling made should have been shortly stated in the finding. It is the duty of counsel to keep matters of this objectionable nature out of the record, and the duty of the trial court to refuse to certify a record with it in, and to direct the clerk of the court to refuse to print it. The unnecessary printing makes it imperative that these directions be strictly observed.

The Superior Court is advised to enter judgment dismissing the appeal from the commissioner.

In this opinion the other judges concurred.