ALFONSO SANTINI vs. ABRAHAM LEVIN ET AL.

First Judicial District, Hartford, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 8th—decided November 7th, 1929.

*Ralph O. Wells,* for the appellants (defendants Abraham Levin and The Fidelity and Casualty Company).

*Arthur E. Howard, Jr.,* for the appellee (plaintiff).

*S. Polk Waskowitz* and *Edward S. Pomeranz,* for the appellee (defendant the Zurich General Accident and Liability Insurance Company).

*Harold K. Watrous,* for the appellees (defendants Tony Aloisi and The Aetna Life Insurance Company).

WHEELER, C. J. Appeals were taken from the finding and award of the compensation commissioner to the Superior Court by Levin and his insurer and by Aloisi and his insurer. The Superior Court dismissed the appeal of Levin and his insurer and sustained that

of Aloisi and his insurer and returned the case to the commissioner for further action as to the claim against Aloisi. No appeal was taken to this court by the plaintiff from the sustaining of the appeal of Aloisi. Levin took an appeal to this court from the dismissal of this appeal to the Superior Court and from the ratifying of the award of the commissioner that he pay the plaintiff-claimant compensation for partial incapacity from July 5th, 1927, to April 30th, 1928. This appeal is to be determined upon the facts found by the commissioner, which, so far as essential, are as follows: The plaintiff on September 20th, 1926, suffered a compensable injury from a cement dermatitis while a hod carrier in the employment of Levin from which incapacity resulted beginning on September 28th, 1926, and Levin and his insurer, the Fidelity and Casualty Company, entered into a voluntary agreement with the plaintiff by which they were to pay him compensation according to law, his weekly wage being $36. The compensable injury continued until July 5th, 1927, at which time the pathological dermatitis was completely healed and plaintiff then entered the employment of the New York, New Haven and Hartford Railroad Company at a varying weekly wage of from $19.20 to $24 a week. The plaintiff was obliged to take and was justified in taking this job at lower wages than he was earning when with Levin because medical experts advised him that a return to his usual occupation, that of a hod carrier, would result in a recurrence of the cement dermatitis. When the plaintiff began his employment with the railroad the pathological dermatitis was completely healed and during the time he was in their employment he did not have any actual pathological dermatitis. On April 30th, 1928, the plaintiff left the railroad and began work with Aloisi as a hod carrier. At this time he had no disease. On May 18th,

1928, he was disabled from a dermatitis resulting from his occupation with Aloisi and has been so disabled since May 19th, 1928. On October 18th, 1928, the plaintiff had no pathological dermatitis, his condition at that time being the same as between July 5th, 1927, and April 30th, 1928. Throughout the period Santini worked for the railroad he was subject to the susceptibility of a recurrence of the pathological dermatitis in the event of exposure to lime. This susceptibility was attributable in part to the prior exposures and to the actual pathological dermatitis incurred while in the employ of Levin.

The defendants-appellants insist that their appeal raises the single legal question whether "a susceptibility to a recurrence of the pathological dermatitis in event of exposure to lime" constitutes a compensable injury, there being no "actual pathological dermatitis" and no "disease." If the facts found did present this question it would have to be answered in favor of the appellants. We have ruled definitely upon this subject. Weakened resistance, one form of which is susceptibility to disease, can never, by itself, result in a compensable injury, but when bodily injury arises in the course of and out of the employment to one who is susceptible to that form of injury it will entitle the injured to the statutory compensation. "Whatever predisposing physical condition may exist, if the employment is the immediate occasion of the injury, it arises out of the employment because it develops within it." *Hartz* v. *Hartford Faience* Co., 90 Conn. 539, 543, 97 Atl. 1020. We have so recently considered this subject, in the light of our own decisions, in *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 134 Atl. 259, that there is no occasion to do more at this time than reiterate the controlling principle of that case: "The fact that injuries, whether from accident

or disease, happen contemporaneously or coincidently with the employment affords no basis for an award under our Act. Injuries of that nature which arise in the course of the employment, unless they also arise out of the employment, do not come within our Act". "That an injury arose out of the employment can never be held unless there is found a causal connection between the injury and the employment, or the conditions under which the employee is required to carry on his work. *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 309, 97 Atl. 320; *McNicol's Case,* 215 Mass. 497, 102 N. E. 697. The causal connection required to be established is, that the employment was the proximate cause of the injury, and this rule obtains whether the injury be the result of accident or disease. Perhaps as readily understood an explanation of the sense in which we use proximate cause, as any, is that found in *Monroe* v. *Hartford Street Ry. Co.,* 76 Conn. 201, 207, 56 Atl. 498: 'When an event is followed in natural sequence by a result it is adapted to produce, or aid in producing, that result is a consequence of the event, and the event is the cause of the result.' An injury is proximately caused by the employment when the chain of causation between it and the employment is so closely related as to be directly caused by it, or by the conditions under which it is required to be performed."

The finding of the commissioner leaves no room for contention. The plaintiff's dermatitis had completely healed prior to July 5th, 1927, and during the entire period of his employment with the railroad and down to April 30th, 1928, when he began work with Aloisi the plaintiff had no actual pathological dermatitis. He entered upon his employment with Aloisi a well man: "he was not suffering from any disease" the commissioner finds. He was susceptible to the recurrence of

the pathological dermatitis in the event of his resuming any employment which would expose him to lime.

The finding of the commissioner brings this case squarely within *Hartz* v. *Hartford Faience Co., supra,* and is expressly ruled by *Madore* v. *New Departure Mfg. Co., supra.* Plaintiff's counsel rests his case upon his understanding that *Kovaliski* v. *Collins Co.,* 102 Conn. 6, 128 Atl. 288, decided that an abnormal weakened resistance may be compensable. We explain in *Madore* v. *New Departure Mfg. Co., supra,* at page 718, our use of weakened resistance in the *Kovaliski* case: "In and of itself weakened resistance, neither under the amendment of 1919 nor under that of 1921, can be held to be a personal injury." There must be found, we hold, a causal connection between the employment and the disease. There is no basis in this case, nor in our law, for the distinction between normal and abnormal weakened resistance which plaintiff's counsel makes.

The appellants make the claim that the plaintiff was not suffering from an actual disability of any kind, but only from a potential disability. They misread the finding. When the plaintiff began his employment with Levin he had no disease, but did have a susceptibility to disease in an employment subjecting him to exposure to lime. He contracted the disease in his employment and it arose out of it. The potential disability as counsel expresses it, meaning the susceptibility to disease originating out of an employment subjecting him to lime, became actual when the disease originated. "If," counsel for the appellants says in his brief, "the potential disability became actual by reason of a subsequent employment he was clearly entitled to compensation from the employer in whose service the potentiality became an actuality; for industry takes the employee as it finds him, subject to

all his susceptibilities and physical defects or potentialities."

In support of this proposition the brief cites from *Hartz* v. *Hartford Faience Co., supra*: "When the exertion of the employment acts upon the weakened condition of the body of the employee, or upon an employee predisposed to suffer injury, in such way that a personal injury results, the injury must be said to arise out of the employment." The brief also cites from *Gherardi* v. *Connecticut Co.*, 92 Conn. 454, 461, 103 Atl. 668. "If the employment accelerates or aggravates a pre-disposing physical condition, the employment is the immediate occasion of the injury and it arises out of it."

The appellants' counsel does not contest the principle which controls this finding. His appeal rests upon a reading of the finding at variance with that which we hold to be the true construction of the commissioner's finding.

Throughout his employment by the railroad Santini "was subject to a susceptibility to a recurrence of the pathological dermatitis in event of exposure to lime; this susceptibility was attributable in part to the prior exposures and to the actual pathological dermatitis incurred while in the employ of Levin." This was incorporated in the finding by the commissioner in accordance with the stipulation made by counsel for the parties in interest.

It is a direct finding that the susceptibility to a recurrence of the pathological dermatitis he had incurred in the employment of Levin was in part attributable to the disease contracted in that employment.

There is thus found a causal connection between the lessened wages Santini was forced to take and the susceptibility to a recurrence of the disease he had incurred in his employment with Levin and therefore

this susceptibility arose in part from that employment and hence arose out of it as a result of the disease incurred in it.

The law in force at the time of the plaintiff's employment with Levin controls this case.

There is no error.

In this opinion the other judges concurred.