ELIZABETH M. MORRILL ET AL. *v.* HARTFORD PAINTING
& DECORATING COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued April 4—decided June 1, 1945.

*George Miske,* for the appellants (plaintiffs).

*Naaman Cohen,* with whom, on the brief, was
*George H. Cohen,* for the appellees (defendants).

ELLS, J. Edward Morrill sustained fatal injuries arising out of and in the course of his employment. He left a widow and one minor child, George, who were living with him and regularly receiving support from him at the time of his injury and death, and six other minor children, who were wards of the state. Five of them were being boarded at state expense in private families and one was a patient at a state institution. The commissioner found that the widow and George were wholly dependent, and awarded full compensation to the widow, subject to proper modification if she died or remarried during the compensation period. The possible dependency of the other children was left open for future determination. A subsequent hearing was held, and the commissioner found these additional facts: The father or mother or both were under some court order to contribute to the support of the children other than George. The contributions made were spasmodic and much in arrears at the time of the injury to the father, and nothing had been paid for many months prior to the injury. The commissioner found that the six children in question were not dependent on their father at the time of his injury and death, and dismissed their claims. They appealed to the Superior Court, which dismissed the appeal and confirmed the supplemental finding and award. Upon the appeal to this court the only question raised is the dependency of these children.

At the beginning of our consideration of this case, we are confronted with a question which, while it was not raised in the trial court, is of such a nature that we must determine it.

The award was properly made to the surviving widow only. General Statutes, Sup. 1943, § 696g; General Statutes, § 5235; *Whalen* v. *New Haven Pulp & Board Co.*, 127 Conn. 394, 17 Atl. (2d) 145. None

of the seven children could be totally dependent as a matter of law, for there was a surviving dependent parent. The question of their dependency would have to be determined "in accordance with the fact, as the fact may be at the time of the injury." General Statutes, § 5235 (c). The only test of dependency as a question of fact is that provided in § 5223. " 'Dependent' shall mean members of the injured employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee at the time of the injury."

In any event, the right of the six children to compensation payments could not arise until the death or remarriage of their mother; § 696g; § 5235; or, if they came within the provisions of § 696g (d), until the expiration of the period of three hundred and twelve weeks during which compensation was awarded to her. In other words, the six children involved in this proceeding are not within the statutory definition of total dependents and therefore at most could be partial dependents, and could receive nothing until (1), within the period of award of compensation for death, either the widow dies or remarries and the dependent son George becomes eighteen or dies, or (2), under § 696g, the period of three hundred and twelve weeks expires, when they might receive the amounts stated in the statute until they reach eighteen years of age. What the ages of the children are does not appear. Under (1) these children may never qualify, if either the widow or the totally dependent son outlives the period of three hundred and twelve weeks; if they both die, only the children then under eighteen would take, and the compensation would be divided between them "according to the relative degree of their dependence"; and how many would take and in what proportion cannot now be known. Under (2), if the totally de-

pendent child is the youngest and lives until eighteen, the others cannot take; and, if he should die at any particular time, among how many the compensation would have to be divided cannot be known. Any attempt to adjudicate the issue of dependency now is entirely premature, and any decision might be academic. It is not good policy to make academic decisions. An award to the children would involve not merely a determination of the liability of the defendants but also a decision as to the amount which each of them will be entitled to receive. No award to them could now be made, for it is not possible to find that any particular child will be entitled, at some time in the future, to receive a certain amount. When, if ever, partially dependent children become entitled to an award, a supplemental order will in any event be necessary.

The death of those totally dependent within the compensation period would be a changed condition of fact authorizing a supplemental award under § 5240. *Burns* v. *Connecticut Light & Power Co.*, 97 Conn. 688, 692, 118 Atl. 45; *Biederzycki* v. *Farrell Foundry & Machine Co.*, 103 Conn. 701, 703, 131 Atl. 739 (294 Rec. & Briefs 1).

It is true that, when an application for such relief is made, there is danger that it may not be possible to procure relevant testimony now available. A workmen's compensation commissioner has all the powers vested in "magistrates taking depositions"; General Statutes, Cum. Sup. 1939, § 1329e; and § 5250 of the General Statutes as amended by § 1331e of the Cumulative Supplement of 1939 provides: "In all cases and hearings under the provisions of this chapter the commissioner shall proceed, so far as possible, in accordance with the rules of equity. He shall not be bound by the ordinary common law or statutory rules of evi-

dence or procedure, but shall make inquiry in such manner, through oral testimony or written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit of this chapter." It is clearly within the power of a commissioner in such a case as this, upon proper notice, to hold a hearing in the nature of a proceeding to perpetuate testimony as provided in § 5592 of the General Statutes; and a transcript of such testimony, made a part of the file of the case, could be properly considered upon proceedings for a supplemental award. See *Dupre* v. *Atlantic Refining Co.*, 98 Conn. 646, 649, 120 Atl. 288; *Nicotra* v. *Bigelow, Sanford Carpet Co.*, 122 Conn. 353, 360, 189 Atl. 603.

For these reasons the issue of the dependency of the children should not be decided at this time.

There is error, the judgment is set aside and the case is remanded to the Superior Court to be returned to the commissioner with direction to find the issues for the defendants on the ground that the application to determine the rights of the children was prematurely brought.

In this opinion the other judges concurred.